GEORGE H. HIGH V. STATE EX REL. RULISON ET AL.

1. TAXPAYER CANNOT PROSECUTE ERROR FROM ALLOWANCE TO PROSECUTOR OF EXTRA COMPENSATION IN STATE EX REL. CASE.

A taxpayer is not a proper party to prosecute error to the allowance made by the trial court under Rev. Stat. 1278a (Lan. 2657) for services rendered by a prosecuting attorney in an action brought by the state on his relation in behalf of the taxpayers of the county, prosecuted to final judgment favorable to the county. The object sought by the taxpayers having been attained he has no substantial right or interest in the separate proceeding for allowance of attorney fees.

2. REASONABLE COMPENSATION FOR SERVICES BY PROSECUTING ATTORNEY OUTSIDE HIS OFFICIAL DUTIES.

Services rendered by a prosecuting attorney, in prosecuting actions, brought under Rev. Stat. 1277 (Lan. 2655) et seq., for the recovery from county treasurers money received by them from banks as interest on county deposits and appropriated to their own use, are services outside his official duties for which he is entitled to extra compensation under Rev. Stat. 1278a (Lan. 2657). Hence, actions resulting in the recovery of $215,000 which are turned into the county treasury, are those in which the "state is successful" for which an allowance of $7,500 is but "reasonable compensation," and not an abuse of discretion in the trial court which can be reviewed on error.

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

## SMITH, J.

The original actions in the court of common pleas were brought by the state of Ohio, on relation of Hiram M. Rulison, prosecuting attorney of Hamilton county, and Louis A. Ireton, legal counsel for Hamilton county, against R. K. Hynicka, John H. Gibson and Tilden R. French, as treasurers of Hamilton county, to recover for the use of said county about $215,000, which it was claimed said treasurers had received and appropriated to their own use, as interest upon deposits of county funds from various banks in the city of Cincinnati, said actions being brought under Rev. Stat. 1277 (Lan. 2655).

These actions resulted in judgments being obtained against each of the defendants for the amounts claimed, which sums were paid to the prosecuting attorney and by him turned into the treasury of the county, satisfactions of said judgments being filed in each case. After the rendition of said judgments the prosecuting attorney filed a motion for compensation for services in said cases, the court fixing an aggre-

gate amount in all three cases at $7,500, under Rev. Stat. 1278a (Lan. 2657).

Prior to the entry being made on said motion for allowance the trial court, on application of the plaintiff in error herein, allowed said plaintiff in error to be made a party defendant. Said plaintiff in error thereupon filed a motion for a new trial on the question of compensation, which was overruled, and he now brings this suit as plaintiff in error against the defendants in error to reverse the action of the court of common pleas in its allowance of compensation to the prosecuting attorney, the defendant in error herein.

At the outset, upon an examination of the record and the sections under which said action was brought (Rev. Stat. 1277 and 1278a; Lan. 2655, 2657), the court is of the opinion that this suit cannot be maintained by the plaintiff in error.

Under those sections the original actions were brought by the state of Ohio on the relation of the prosecuting attorney and legal counsel, in behalf of all the taxpayers of Hamilton county, and was prosecuted in their behalf. Final judgments were secured in behalf of the state of Ohio, and the object sought by the taxpayers through the prosecuting attorney was attained.

Having, therefore, no substantial right or interest in the litigation, the suit having been brought and determined in favor of the taxpayers, and as a proceeding in error is an entirely independent action from the original case, there remained nothing to be done but for the court under the statute to fix the compensation, if any, to the prosecuting attorney for his services.

The plaintiff in error was not, therefore, a proper party in the court of common pleas. The statute does not provide for the prosecution of error by a taxpayer where suit is brought on relation of the prosecuting attorney at the request of a taxpayer and the suit is successful; nor does the order made in favor of Mr. Rulison affect a "substantial" right of the plaintiff in error as understood by Rev. Stat. 5115 and 6707 (Lan. 8630, 10297).

But if this is not correct, the court is of the opinion that no error was committed by the trial court in the allowance to the prosecuting attorney in the three actions brought. It is clear under the statute relating to compensation for such services that the amount so fixed is within the sound discretion of the trial court; and this discretion cannot be reviewed unless there is an abuse of that discretion. It is urged that the services rendered by the prosecuting attorney were in the line of his duty as an official. The trial court found that many of the

services connected with the bringing of the suits and the collection of the amounts were performed as a part of his duties as prosecuting attorney, and that others were not. The language used in Rev. Stat. 1278a (Lan. 2657), is "that for all services rendered by the prosecuting attorney under the provisions of section 1277 [Lan. 2655], in which the state is successful, the court shall allow the prosecuting attorney reasonable compensation for his services and proper expenses incurred." It cannot be claimed in these cases that the state was not "successful"; and if "successfull" that the court should not allow the prosecuting attorney reasonable compensation. Upon an examination of the record setting out the services rendered, we are of the opinion that he was "successful" in these actions, and the services were rendered by him outside of his official capacity. The allowance made by the trial court is not excessive. The discretion of fixing the allowance is lodged solely in the court itself, who has the right to determine the amount either from extrinsic testimony or from its own good sound judgment, and as this discretion was not abused by the court, its action cannot be reviewed on error.

Judgment affirmed.

**Giffen** and **Swing, JJ.,** concur.